AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Elizabeth Joi Bryant | ) | Case No.    1:26-mj-70980-MAG |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

FILED
07/27/2026
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of    Dec. 30, 2025 to July 24, 2026    in the county of    Del Norte    in the
Northern    District of    California    , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 36 C.F.R. § 2.10(b)(10) | Camping in National Park Outside of Designated Sites and Areas |
| 36 C.F.R. § 2.61(a) | Residing in National Park |

This criminal complaint is based on these facts:

See Attached Affidavit of NPS Law Enforcement Ranger Anthony Brown.

❒ Continued on the attached sheet.

Approved as to form  /s/ Jean Fundakowski
AUSA   Jean Fundakowski

/s/ Anthony Brown
*Complainant's signature*

National Park Service Law Enforcement Ranger
*Printed name and title*

Sworn to before me by telephone.

Date:    07/27/2026

*Judge's signature*

City and state:    McKinleyville, California

The Hon. Robert M. Illman
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Anthony Brown, Federal Officer, National Park Service, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. This affidavit is submitted in support of a criminal Complaint and arrest warrant. Based on the following facts, I submit that there is probable cause to believe that on December 23, 2025, and January 6, March 30-31, June 29, and July 1, 2026, to the present date, while within the bounds of Redwood National and State Parks ("REDW"), Elizabeth Joi Bryant ("BRYANT"), committed the offenses of Residing on National Park Lands, in violation of 36 C.F.R. § 2.61 (a), and Camping Outside of Designated Sites or Areas, in violation of 36 C.F.R. § 2.10(b)(10).

2. I respectfully request that the Court issue the criminal Complaint and related arrest warrant for BRYANT under Federal Rule of Criminal Procedure 4(a).

## AGENT BACKGROUND

3. I am an investigator and law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). I am empowered to conduct investigations, to execute search warrants, and to make arrests for violations of federal law.

4. I am presently assigned to REDW. I have been a Federal Law Enforcement Officer since 2019. During this time, I have performed multiple felony investigations in addition to routine law enforcement patrol and emergency service response duties. During my tenure as a Law Enforcement Ranger, I have completed approximately 1,400 hours of training and instruction at the Federal Law Enforcement Training Center in Glynco, Georgia ("FLETC"), and

1

its associated training academies.  I led or assisted in multiple investigations within various Federal Park Units across the country.

5.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other officers and witnesses.  Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case.  Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant.  My understanding of the facts and circumstances of the case may evolve as the investigation continues.

### APPLICABLE LAW

6.      36 C.F.R. § 2.61 (a) prohibits residing in park areas, other than on privately owned lands, except pursuant to the terms and conditions of a permit, lease or contract. Violation of the regulation is a Class B misdemeanor.

7.      36 C.F.R. § 2.10 (b)(10) prohibits camping outside of designated sites or areas within the national parks. Violation of the regulation is a Class B misdemeanor.

### PROBABLE CAUSE

8.      At approximately 8:30 a.m. on December 23, 2025, I was patrolling Crescent Beach, which falls within the jurisdictional territory of REDW, in the city of Crescent City and county of Del Norte, in the Northern District of California.  A visitor informed me that an illegal campsite was set up in the woods near the beach.  She stated that the campsite had been there for a few months and that she believed the lady living there was homeless.  There is no campground located at Crescent Beach and all camping is prohibited in the area.  A sign in the Crescent Beach parking lot states that camping is not allowed.

2

9.    I located the illegal campsite in the woods. I observed two tents, a bicycle secured to a tree with a bike lock, a small fire pit, and rocks that had been painted and appeared to be set out as decorations. Both tents were secured with padlocks. There were no occupants present at the site. I took a photograph of the site and left a warning notice instructing the site's occupant to vacate the area because camping was not allowed there.

10.    At approximately 1:38 p.m. on January 5, 2026, I observed a woman pulling a wheeled cart with various belongings along Humboldt Road in Crescent City. I conducted a consensual contact with the female. I asked if she was the individual camping at Crescent Beach where I left the note. She stated that she was and that she was working to move her belongings from the area while the weather was clear. I did not obtain her identification as this was a consensual contact outside of my territorial jurisdiction and she appeared to be in the process of vacating the illegal site. Based on multiple subsequent encounters with this person, I now recognize her as BRYANT.

11.    At approximately 1:20 p.m. on January 6, 2026, while driving my marked patrol vehicle along Howland Hill Road, inside the territorial jurisdiction of REDW between the park boundary and west gate, I observed an illegal campsite set up in the woods off the side of the roadway. I know from my experience in REDW that no camping is permitted in the area. The illegal campsite contained a tent covered by a gray tarp; next to the tent was a wagon with a steel coffeepot. I notified Northern Communications Dispatch ("NORCOM") that I was responding to an illegal campsite. The tent was occupied by one female subject. It was the same female subject whom I contacted about illegally camping at Crescent Beach on the previous day. The new campsite was approximately 3.1 miles from the previous one at which I left the notice.

3

12.     I identified the female subject using her California Driver's license as BRYANT. NORCOM confirmed her identity and notified me that BRYANT was the restrained party in an elder or dependent adult abuse protective order from San Mateo Superior Court which is in effect through October 4, 2026 (Case No. 23-PRO001065) and that she also had an active $2,000 warrant out of El Dorado County, California, for failure to appear in court for illegal camping (Warrant #25CR2697).

13.     I asked NORCOM whether the warrant was extraditable.  NORCOM notified me that El Dorado County would come pick her up but that it was up to the responding officer's discretion whether to arrest her on the warrant or provide a citation.  I called the Del Norte County Sheriff's Office Dispatch ("DEL NORTE") and asked if the jail was able to book BRYANT on the warrant.  The dispatcher notified me that the Del Norte County Jail would not take her.

14.     I issued BRYANT a California State Parks Citation #917962 for failure to appear in court on Warrant #25CR2697.  The physical citation I provided to BRYANT contained the future court date for the citation.

15.     I told BRYANT that she was not allowed to illegally camp at this location either and she had to vacate the area.  I returned the following week and confirmed that BRYANT had vacated the area.

16.     At approximately 11:15 a.m. on March 30, 2026, United States Park Ranger G. Sadler was notified by a REDW park employee that a person was illegally camping near the park boundary on Howland Hill Road.  Officer Sadler and I located the illegal campsite, which was within the territorial jurisdiction of REDW.  The new campsite was approximately 0.1 miles from the previous site where I issued BRYANT the citation on January 6, 2026.  The site

4

included multiple tents set up approximately 30 feet into the woods from the roadway. There was a painted sign stating "2905 HOWLAND" and a woven basket hanging from a tree at the head of the social trail that led into the illegal campsite from the roadway. There are no bathroom facilities or running water in that area. Part of the ground at the campsite had been recently excavated and a rock border or wall surrounded what appeared to be space for a garden. As we were investigating the site, BRYANT arrived, pushing a bicycle. She admitted that this was her campsite.

17.    During the contact, BRYANT indicated she had not reported to court on the date indicated on the citation that I had issued her on January 6, 2026. When I asked BRYANT about the El Dorado County warrant, she stated, "I didn't see it as that way, I saw it like I was telling you, that I was a, um, irrigation district employee. I graduated from the lifeguards and forest ranger." I asked BRYANT if she reported to court on the date indicated on the citation I had issued to her. She stated, "I went in to file a restraining order in the D.A.'s office. I been in there at the courthouse, so I never saw any of that as true. I saw that as me facing corruption. Not me being corrupt, them being corrupt towards me."

18.    Officer Sadler cited BRYANT for violation of 36 C.F.R. § 2.10 (b)(10) – Camping Outside of Designated Sites or Areas (Violation #E1783252) and informed her that she had two hours to leave the site or she would be issued additional citations. Officer Sadler asked if she understood. BRYANT stated "okay" and asked, "so I can't spend the night here in the rain?" Officer Sadler stated, "No, absolutely not."

19.    After receiving the citation, BRYANT called the Del Norte County Sheriff's Dispatch ("DEL NORTE") as well as NORCOM and told dispatchers that Officer Sadler and I had forced BRYANT to take drugs and threatened to kill her, neither of which are true.

5

20.     At approximately 09:11 a.m. on March 31, 2026, Officer Sadler contacted the Del Norte PATH Mobile Crisis Team ("MCT") to discuss our encounter with BRYANT the previous day.  Officer Sadler shared his concerns about BRYANT's mental health and safety, including the false accusations she had made about Officer Sadler and her statements about the active arrest warrant.

21.     At approximately 3:39 p.m. on March 31, 2026, two MCT members contacted BRYANT at her illegal campsite.  They reported that she denied any assistance and expressed no intention to vacate the property.

22.     At approximately 4:26 p.m., Officer Sadler and I contacted BRYANT at her illegal campsite again.  Officer Sadler asked BRYANT why she had not made any progress on disassembling her campsite.  BRYANT responded to Officer Sadler in the third person, stating, among other things, that Officer Sadler and I had to follow the restraining order against her and that we were attacking her with syringes.  There is no restraining order against any REDW employee relating to BRYANT.

23.     Officer Sadler informed BRYANT that she was being ejected from park property and that she would be subject to arrest if she did not vacate the entire park with her belongings by the following day.

24.     On April 6, 2026, Officer Sadler and I returned to the site of BRYANT's illegal camp.  BRYANT and all her belongings were gone.

25.     At approximately 8:00 a.m. on June 28, 2026, NORCOM notified me that a caller had reported they were attacked by a bear near Endert's Beach Road within REDW.  NORCOM provided me with the reporting party's name, Elizabeth, along with the reporting party's telephone number.  I called the reporting party and recognized BRYANT's voice from our prior

6

four encounters.  BRYANT stated that she was on the Coastal Trail, putting her pants on, when a bear attacked her.  I confirmed with BRYANT that the bear did not charge or harm her.

26.     At approximately 09:02 a.m. I located an illegal campsite along the Coastal Trail near Endert's Beach Road.  It appeared to contain the same tents and belongings present at BRYANT's prior illegal campsites.  The site was unoccupied.

27.     At approximately 12:02 p.m. on June 29, 2026, I returned to the Coastal Trail illegal campsite.  BRYANT was present.  I told her that I was contacting her again for illegal camping.

28.     I told BRYANT that she is not allowed to reside on the federal lands, and that she needed to start packing and leave the park today.  I checked back on a later day to discover BRYANT had left the area with her belongings.

29.     At approximately 5:47 a.m. on July 1, 2026, BRYANT posted a video on her Facebook account announcing the location of a new, sixth illegal campsite within REDW.

30.     At approximately 2:01 p.m. on July 1, 2026, California Department of Parks and Recreation ("CDPR") Officer C. Shields and I conducted a foot patrol of the Crescent Beach Overlook Trail, just off Endert's Beach Road and within the REDW jurisdiction.  No camping is permitted in this area.  Based on the video on BRYANT's Facebook account, we located BRYANT's new illegal campsite.  BRYANT was occupying one of the three tents at the site.

31.     I informed BRYANT that she was still on park property and that she had to leave the park property.  I explained to BRYANT where the REDW jurisdiction begins on Endert's Beach Road.  BRYANT did not leave her tent during the conversation and recorded the contact using her cellphone.  During this contact, she falsely claimed that she was a forest ranger and a federal agent; that there was an active restraining order prohibiting me from contacting her; that I

had abused her; and that she had seen me using illegal drugs in the area.  She posted the video of this encounter on Facebook.

32.    Officer Shields and I offered to help BRYANT move her belongings off of park property.  BRYANT did not accept our offer.  We ordered BRYANT to remove her illegal campsite from park property and left the scene.

33.    At approximately 3:14 p.m. on July 19, 2026, NORCOM informed me that a REDW employee located BRYANT's illegal campsite on the Crescent Beach Overlook Trail within REDW jurisdiction.  I called the reporting party.  REDW Custodial and Trails employee Chester Bighead notified me that there were three tents at the illegal site.  He stated that he cleaned up approximately 3 to 4 bags of trash that an animal, possibly a bear, had gotten into and scattered around the trailhead.  Amongst the trash were feminine hygiene products and sleeping pads that were covered in human bodily waste.

34.     Based on my training and experience and my encounters with BRYANT, I believe that she poses a danger to herself, wildlife, and the environment.  BRYANT creates a danger to herself due to the unsanitary nature of illegally residing in an area that offers no potable water, plumbing, or restroom facilities.  Additionally, food and waste attract predatory wildlife, such as the bear she has already encountered.  BRYANT creates a danger to wildlife by introducing human waste into their environment.  This acclimates certain wildlife to seek out food from humans and introduces wildlife to bodily waste left behind, potentially exposing them to sickness or disease.  BYRANT creates a danger to the environment by introducing garbage and bodily waste into the soil and natural waters.

35.    As of the current date, BRYANT is still illegally residing on REDW property in the Endert's Beach Road area.

## CONCLUSION

36.     Based on the facts set forth in this affidavit, there is probable cause to believe that on December 23, 2025, and January 6, March 30-31, June 29, and July 1, 2026, to the present date, Elizabeth Joi Bryant committed the offense of Camping Outside of Designated Sites or Areas, in violation of 36 C.F.R. § 2.10(b)(10) and Residing in a National Park, in violation of 36 C.F.R. § 2.61(a).

Accordingly, I respectfully request that the Court issue a criminal Complaint and warrant for her arrest.

I declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief.

Respectfully submitted,

*/s/ Anthony Brown*

Officer Anthony Brown
National Park Service

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this 27 day of July, 2026. This application and warrant are to be filed under seal.

HONORABLE ROBERT M. ILLMAN
United States Magistrate Judge

9